UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE BUFFALO LABORERS'
PENSION FUND, BUFFALO LABORERS'
WELFARE FUND, and BUFFALO LABORERS'
TRAINING FUND,

                        Plaintiffs,

            -vs-                                  01-CV-76C(SC)

ACCENT STRIPE, INC.,

                        Defendant.

---

| APPEARANCES: | PROSKAUER ROSE LLP (SALLY L. SCHNEIDER, ESQ., of Counsel), New York, New York, for Plaintiffs. |
|---|---|
| | ROBERT G. WALSH, ESQ., Buffalo, New York, for Defendant. |

## BACKGROUND

In an order filed May 24, 2007 (Item 99), the court granted plaintiffs' motion for summary judgment, directed plaintiffs to file a statement setting forth their damages, and ordered defendant to file a response. Plaintiffs filed affidavits on June 15, 2007 seeking a judgment of $865,018.18 (Items 100, 101), and defendant filed a response on July 6, 2007 (Item 104). Thereafter, on July 20, 2007, plaintiffs filed reply papers (Items 106, 107). The court has reviewed plaintiffs' statement of damages and defendant's response thereto, and orders judgment in the amount of $833,954.18.

**DISCUSSION**

In the order of May 24, 2007, the court granted plaintiffs' motion for summary judgment and found that plaintiffs were entitled to damages including the amount of unpaid employee fringe benefits as determined by an audit of defendant's payroll records, interest on that amount, the cost of the audit, court costs, an amount equal to the interest as liquidated damages, and reasonable attorney fees. See 29 U.S.C. § 1132(g)(2). Plaintiffs have submitted affidavits of attorney Sally L. Schneider and Thomas L. Panek, Fund Administrator, with additional exhibits. Ms. Schneider, referring to a prior affidavit of auditor Joseph W. McCarthy, avers that defendant owes the Funds $387,964.23 in delinquent employee fringe benefits (Item 100, ¶ 7; Item 91). Interest on that amount, calculated pursuant to 26 U.S.C. § 6621, is $190,720.68 (Item 101, ¶ 6, Exh. A). Additionally, 29 U.S.C. § 1132(g)(2)(C) provides that an amount equal to the interest on the unpaid contributions shall be awarded as liquidated damages.

Court costs include a filing fee of $150.00 and a fee of $85.80 for a transcript of a hearing held on September 28, 2005 (Item 100, ¶ 10). Pursuant to the collective bargaining agreement ("CBA"), the delinquent employer shall bear the costs of the audit. Here, audit fees total $17,880.54 (Item 66). Defendant challenges this amount, stating that "[t]here is no itemization of the time expended, nor the rates charged" so as to allow the court to determine whether the amount is reasonable (Item 104, p. 6). In response, plaintiffs have submitted a declaration of Mr. McCarthy, with attached itemized bills, in which he sets out the rate charged for travel and premises time, the number of hours spent on the audit of defendant's payroll records, and the associated costs of the audit, including mileage, meals, tolls, and motels. It should be noted that plaintiffs auditors required

repeated trips to defendant's premises to complete the audit, through no fault of the plaintiffs. Accordingly, the court finds that the costs of the audit are fair and reasonable.

Finally, plaintiffs seek attorney fees in the amount of $77,496.25. This amount represents 239.05 hours at a blended rate of $295.00 per hour for work done between January 1, 2001 through July 31, 2002, $325.00 per hour from August 1, 2002 through August 31, 2006, and $365.00 per hour as of September 1, 2006 (Item 100, ¶¶ 15, 16). Additionally, the firms's Litigation Support Department expended 1.75 hours at a rate of $140.00 to $160.00 per hour (*id.,* ¶ 16). Ms. Schneider avers that this blended rate results in a discount because work on the file is often done by attorneys whose hourly rate exceeds the blended rate. Defendant challenges this fee request on the grounds that the requested hourly rate is excessive, that unnecessary time has been spent prosecuting the action, and that plaintiffs seek fees based on an unsuccessful motion for contempt (Item 104, ¶ 3).

It is mandatory to award reasonable attorney fees in an action to recover unpaid union benefit contributions. *See* 29 U.S.C. § 1132(g)(2)(D); *Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1506 (2d Cir. 1995). To determine an attorney fee award, district courts are to multiply the hours reasonably expended on the matter by a reasonable hourly rate. *See Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058 (2d Cir. 1989); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983) (finding that only hours "reasonably expended" should be awarded). A rate "in line with. . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation" is a reasonable rate.

Case 1:01-cv-00076-JTC   Document 109   Filed 09/18/07   Page 4 of 8

*Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see Chambless*, 885 F.2d at 1058-59. Additionally, a district court may use its knowledge of the relevant market when determining the reasonable hourly rate. *See Ass'n. for Retarded Citizens of Connecticut, Inc. v. Thorne*, 68 F.3d 547, 554 (2d Cir. 1995); *Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund,* 831 F.2d 407, 409 (2d Cir. 1987) (Second Circuit held that a judge may rely in part on his own "knowledge of private firm hourly rates in the community"). Moreover, a district court's evaluation of a fee petition is afforded ample discretion, because as the Second Circuit has noted, "the district court has the best vantage point from which to assess the skill of the attorneys and the amount of time reasonably needed to litigate a case." *Chambless*, 885 F.2d at 1057-58.

In calculating what constitutes reasonable hours, the attorney fee application should be supported by time records, affidavits, and other supporting materials. *Chambless,* 885 F.2d at 1058. The court must exclude any hours that were "excessive, redundant, or otherwise unnecessary." *See Hensley,* 461 U.S. at 434; *New York Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983). In deciding whether time was "reasonably expended," the court must ask whether the attorney exercised "billing judgment." *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 388 F.Supp.2d 159, 163 (W.D.N.Y. 2005). The court is free to "trim the fat" from a fee application, by deducting a percentage of the fee, if it appears that an attorney did not use good billing judgment. *See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir.1998) ("[T]he court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a

practical means of trimming the fat from a fee application.") (internal citation and quotation marks omitted).

The Second Circuit has recently addressed the practice of calculating attorney fee awards, concluding that "[o]ur fee-setting jurisprudence has become needlessly confused –it has come untethered from the free market it is meant to approximate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 2007 WL 2004106, *1 (2d Cir. July 12, 2007). Rejecting the term "lodestar," the Second Circuit has instructed courts to determine a "presumptively reasonable fee" based on what a reasonable, paying client would be willing to pay. *Id.* The court may consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively, the timing demands of the case, whether the attorney had an independent interest in achieving the ends of the litigation or initiated the representation himself, and whether the attorney was initially acting pro bono. *Id.*

Additionally, the Second Circuit clarified that a district court "may use an out-of-district hourly rate–or some rate in between the out-of-district rate sought and the rates charged by local attorneys–in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates." *Arbor Hill,* at *8. Courts are free to presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or counsel whose rates are consistent with those charged locally. "This presumption may be rebutted–albeit only in the unusual case–if the party wishing the district court to use a higher rate demonstrates that his or her retention

of an out-of-district attorney was reasonable under the circumstances as they would be reckoned by a client paying the attorney's bill." *Id.*

Plaintiffs seek fees at a blended rate which reflects differing hourly rates charged by attorneys of various levels of skill and experience. While the use of a blended rate has not been explicitly endorsed by the Second Circuit, *see McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 98 (2d Cir. 2006), blended rates have been used by courts in this Circuit for a variety of reasons. *See Leva v. First Unum Life Ins. Co.*, 1999 WL 294802, at *2 (S.D.N.Y. May 11, 1999) (applying blended rate where it was not clear which of multiple billing attorneys performed each task); *see also Scholastic, Inc. v. Stouffer*, 246 F.Supp.2d 355, 357-58 nn.5 & 6 (S.D.N.Y.2003) (applying a blended rate in determining the reasonable hourly rate for single attorneys where their individual rates changed during the course of the litigation). Here, it is not clear from the submissions whether the attorneys who worked on this case were partners or associates, and plaintiffs' counsel have not specified the attorneys' respective billing rates. Accordingly, the court will apply a blended rate, but one which has been reduced to reflect the prevailing market rates in the Western District of New York. This is a type of case which is usually brought by local counsel. The issues are not particularly complex, and no extraordinary resources are typically required. Plaintiffs have not rebutted the presumption that a reasonable paying client would have hired a local law firm charging local rates to prosecute this action.

While the blended rate of $295.00 to $365.00 per hour may represent a bargain in the Southern or Eastern Districts, a fee of $250.00 per hour for partners, $180.00 per hour

for associates, and $100.00 per hour for paralegal time is consistent with the local market. *See Klimbach v. Spherion Corp.,* 467 F.Supp. 2d 323, 332 (W.D.N.Y. 2006). The court has averaged the current local prevailing rates for partners and associates and established a blended rate of $215.00 per hour. Further, this rate should be applied to all work performed by counsel beginning with the commencement of the action in 2001. *See Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (Second Circuit held that in awarding fees, courts should use "current rather than historic hourly rates").

Turning to defendant's argument that excessive time has been spent on the case, the court has reviewed the billing records in support of the fee application and finds that some entries are excessive. For instance, time is billed in increments no smaller than 15 minutes. Thus, plaintiffs' attorneys have billed 15 minutes for every brief telephone call or review of a document. The court notes an entry in the billing records from September 24, 2002, in which the attorney billed 15 minutes to "Review court order re: adjournment of return date concerning plaintiff motion to compel." (Item 100, Exh. D). The court has reviewed its order, a one-page document merely extending the time for defendant to respond to plaintiffs' motion and rescheduling the motion hearing (Item 25). The order itself likely took no more than three minutes to draft. Under no circumstances should review of this order have consumed 15 minutes of billable time. Rather than comb through each entry to assess whether the time spent was reasonable, the court, in its discretion, will reduce the number of hours by 10 percent (to 215.15 hours) to account for the lack of good billing judgment.

Finally, defendant argues that plaintiffs should not recover fees for their unsuccessful motion for contempt (Item 48). While the court found that defendant had not

clearly violated its order, I noted that defendant engaged in obstructionist litigation behavior and determined the audit would not have been completed had not plaintiffs filed the motion. The complaint sought an audit of defendant's books and records, and the motion for contempt was the catalyst for the successful completion of the audit. Thus, the motion for contempt was inextricably intertwined with the underlying claim and is a compensable use of attorney time. *See Reed v. A.W. Lawrence & Co., Inc.,* 95 F.3d 1170, 1183 (2d Cir.1996). Accordingly, the court will award attorney fees of $46,432.25, representing 215.15 attorney hours at the blended rate of $215.00 per hour ($46,257.25) and an additional 1.75 hours of paralegal time at $100.00 per hour ($175.00).

## CONCLUSION

Plaintiffs are entitled to the following damages: $387,964.23 for delinquent fringe benefits, accrued interest of $190,720.68, liquidated damages of $190,720.68, audit fees of $17,880.54, court costs of $235.80, and attorney fees of $46,432.25. The Clerk of the Court is directed to enter judgment in favor of the plaintiffs in the total amount of $833,954.18.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: September 17, 2007
p:\pending\opinions\01-76.sep1307